## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-218 RLW |
| | ) | |
| JIMMY KENNON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is plaintiff's motion for appointment of counsel. [ECF No. 51]. After reviewing the record in this action, as well as the pertinent caselaw, the Court will deny plaintiff's motion for counsel at this time.

In her motion for counsel, plaintiff states that her imprisonment will greatly impede her ability to ligate this action. Plaintiff claims she has limited access to the law library due to her confinement in Administrative Segregation at Potosi Correctional Center. However, her next hearing for release from Administrative Segregation will be in March 2024, approximately one month from now. Nonetheless, plaintiff states that this matter will likely involve conflicting testimony, which will require plaintiff to present evidence and cross examine witnesses.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance

of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Plaintiff brings claims in her third amended complaint under the Eighth Amendment against defendants Jimmy Kennon and Dennis Coleman for failure to protect and deliberate indifference to her medical needs. Defendants have not yet answered the third amended complaint and no case management order has been entered in this matter. Thus, discovery has not yet commenced, and there is no need for plaintiff to speculate as to whether she is able to comply with the Court's discovery deadlines on her own or whether she needs counsel to do so. In additional, no trial has been set in this matter and any potential trial is most likely eight months or more away. Moreover, as plaintiff admits, she has a hearing coming up in a month to decide whether she may rejoin the general population at Potosi Correctional Center and thus be afforded greater access to the library and to potential witnesses. The Court further notes that plaintiff's pleadings in this matter show that she is capable of representing herself.

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. In additional, neither the factual nor the legal issues in this case appear to be complex. The Court will consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No.

51] is **DENIED at this time**.

Dated this <u>12th</u> day of February, 2024.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

3